NOT FOR PUBLICATION [Docket No. 7]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RLS DISTRIBUTION, INC. d/b/a RLS LOGISTICS, | Civil No. 16-3714 (RMB/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| STEPHEN SMALL d/b/a SMALL TRANSPORTATION, LLC and SHAWN STEVENS, | |
| Defendants. | |

APPEARANCES:

Jim H. Fields, Jr., Esq.
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
 *Attorney for Plaintiff RLS Distribution, Inc.*
 *d/b/a RLS Logistics*

**BUMB**, United States District Judge:

  This matter comes before the Court upon the Motion for Default Judgment by Plaintiff RLS Distribution, Inc. d/b/a RLS Logistics (the "Plaintiff") [Docket No. 7], seeking the entry of a default judgment against Defendant Stephen Small d/b/a Small Transportation, LLC ("Defendant Small") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the foregoing reasons, at this time, Plaintiff's motion will be granted as to liability only.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2016, Plaintiff commenced the above-captioned action against Defendant Small and Defendant Shawn Stevens, alleging a violation of the Carmack Amendment, 49 U.S.C. § 14706, against Defendant Small (Count I) and negligence against Defendant Stevens (Count II).  See Compl. ¶¶ 15-24 [Docket No. 1].  Plaintiff hired Defendant Small to deliver food product to its customers at some point prior to September 2, 2015.  Id. ¶ 10.  On September 2, 2015, Defendant Stevens, a truck driver for Defendant Small, was transporting RLS's food product when he accidentally swerved, causing the truck he was driving to flip on its right side.  Id. ¶¶ 11-13.  Plaintiff contends that it is entitled to recover $103,434.12 in damages caused to its food product as a result of this accident. Id. ¶¶ 20, 24.

Service of the Summons and Complaint were made upon Defendant Small on June 29, 2016 [Docket No. 5].  The time for Defendant Small to answer the Complaint or otherwise move expired on July 20, 2016.  To date, Defendant Small has neither answered nor otherwise responded to the Complaint.  On September 8, 2016, Plaintiff requested an entry of default against Defendant Small, which the Clerk of this Court subsequently entered [Docket No. 6].  Plaintiff filed the instant motion on September 23, 2016, which was served upon Defendant Small and

2

Defendant Stevens by United States Mail the same day [Docket No. 7-7]. Neither Defendant has responded to the motion.[1]

## II. LEGAL STANDARD

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc., 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015) amended on reconsideration, 2015 WL 1321722 (D.N.J. Mar. 24, 2015) (quoting Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)). Whether default

---

[1] The Court notes that, although a summons was issued for Defendant Stevens, according to the docket in this matter, it has not been returned executed. Defendant Stevens has not answered the Complaint or otherwise moved. Additionally, no appearance has been entered in this action on his behalf. Thus, Plaintiff has not requested an entry of default or moved for a default judgment against Defendant Stevens. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." It appears that Defendant Stevens has not been served with the Summons and Complaint within 90 days of the filing of the Complaint, as required by Rule 4(m). Accordingly, the Court intends to dismiss this action against Defendant Stevens, unless Plaintiff submits proof of timely service as to Defendant Stevens or establishes good cause for the failure to timely serve him, on or before November 18, 2016.

judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct.  <u>Butler v. Pennsylvania Bd. of Prob. & Parole</u>, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000)).

### III. ANALYSIS

#### A. Proof of Service

As noted above, the docket reflects that the Summons and Complaint were served personally upon Defendant Small's father [Docket No. 5].  When Defendant Small failed to respond to the Complaint, Plaintiff properly sought entry of default pursuant to Federal Rule of Civil Procedure 55(a).  Accordingly, the Court finds that there has been sufficient proof of service as to Defendant Small.

#### B. Cause of Action under the Carmack Amendment

Under the Carmack Amendment, 49 U.S.C. § 14706, the Plaintiff must establish three elements to prove liability to recover the actual value of goods: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages."  <u>Moroccanoil, Inc. v. JMG Freight Grp. LLC</u>, 2015 WL

4

6673839, at *2 (D.N.J. Oct. 30, 2015) (quoting Beta Spawn, Inc. v. FFE Transp. Servs., Inc., 250 F.3d 218, 223 (3d Cir. 2001)).

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted). In the Complaint, Plaintiff pleads facts which, taken as true, establish Defendant Small's liability for breach of duties as a common carrier under the Carmack Amendment. Plaintiff alleges that it delivered the food product at issue in "good order and condition" to Defendant Small and that the food product was damaged in transit. Compl. ¶¶ 17-19. Plaintiff alleges that it sustained damages in the amount of $103,434.12 as a result of the damage to its food product. Id. ¶ 20. Plaintiff also submits the Statement of Loss calculated by its property insurer, Travelers Insurance, to substantiate the damages amount. Motion Ex. D [Docket No. 7-6]. The Court finds that Plaintiff's allegations are sufficient to state a claim under the Carmack Amendment.

### C. Propriety of Default Judgment

As to whether default is proper, the Court first considers the prejudice to the Plaintiff if the Motion for Default Judgment were denied. Defendant Small's failure to respond to Plaintiff's Complaint or to oppose the Motion for Default

5

Judgment has deprived the Plaintiff of the opportunity to litigate its claim against Defendant Small.  Additionally, Plaintiff would suffer prejudice because it has no other remedy against Defendant Small.  See, e.g., Moroccanoil, 2015 WL 6673839, at *2 (finding that "Plaintiff will suffer prejudice absent entry of default judgment as he would have no other means of obtaining relief"); Doe v. Simone, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013) ("Plaintiff would suffer prejudice if default judgment were denied, due to the fact that she has no other remedy against Defendant."); Fed. Ins. Co. v. Secure Cargo Corp., 2013 WL 1222653, at *3 (D.N.J. Mar. 25, 2013) ("because Defendants have wholly failed to answer the Complaint or otherwise appear, Plaintiff suffers prejudice if it doesn't receive a default judgment because it has no alternative means of vindicating its claim against the defaulting party.").

While the Court is "not in a position to determine whether [Defendant Small] has any meritorious defense," given that he has neither answered the Complaint nor submitted a responsive pleading indicating why default judgment should not be entered in Plaintiff's favor, the Court notes that there is no indication that Defendant Small has a meritorious defense.  See Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6-7 (D.N.J. Dec. 20, 2006) (quoting Carpenters Health & Welfare

6

Fund v. Naglak Design, 1995 U.S. Dist. LEXIS 566, at *7 (E.D. Pa. Jan 18, 1995)); see also New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const., 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014) ("The Court has no duty to construct a defense for Defendant.").

Finally, Defendant Small's "failure to respond permits the Court to draw an inference of culpability on [its] part." Secure Cargo, 2013 WL 1222653, at *3 (citing Surdi v. Prudential Ins. Co. of Am., 2008 WL 4280081 at *2 (D.N.J. Sept. 8, 2008)). Defendant Small was served with the Complaint and the instant motion and, according to Plaintiff, is an adult individual who operates a trucking business. See Compl. ¶¶ 3-4. Yet he did not respond to the Complaint or the Motion for Default Judgment. The Court finds this indicative of culpability on the part of Defendant Small. See Moroccanoil, 2015 WL 6673839, at *2 (citing Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability)). Accordingly, these factors favor entry of default judgment against Defendant Small.

### D. Damages

The Court now considers Plaintiff's request for damages. While Defendant Small's default constitutes an admission of the

7

allegations in the Complaint, "[a] default is not an admission of the amount of damages claimed." Specialty Stucco, 2006 U.S. Dist. LEXIS 92460, at *7 (citation omitted). Recognizing this, Plaintiff requests an entry of default judgment as to liability only at this time and an opportunity to submit "its documentation and information in support of its claim for damages" at a later time. Motion at 4 [Docket No. 7-2]. The Court will allow the Plaintiff to submit additional information and documentation to support the amount of damages requested and, if necessary, will schedule a hearing, pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), to determine the proper award of damages.

**IV.   CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Default Judgment will be granted as to liability only at this time. The Plaintiff will be permitted to submit additional documentation and information in support of its request for damages on or before November 29, 2016. An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: <u>November 8, 2016</u>

8