NOT FOR PUBLICATION                                [Docket No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RLS DISTRIBUTION, INC. d/b/a RLS LOGISTICS, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN SMALL d/b/a SMALL TRANSPORTATION, LLC, <br><br> Defendant. | Civil No. 16-3714 (RMB/JS) <br><br> **OPINION** |

APPEARANCES:

Jim H. Fields, Jr., Esq.
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
   *Attorney for Plaintiff RLS Distribution, Inc.*
   *d/b/a RLS Logistics*

**BUMB**, United States District Judge:

   This matter comes before the Court upon the Motion to Enforce Judgment by Plaintiff RLS Distribution, Inc. d/b/a RLS Logistics (the "Plaintiff"), wherein Plaintiff submits "documentation in support of its claim for damages relative to Plaintiff's Motion for Default Judgment against Defendant Stephen Small d/b/a Small Transportation, LLC" ("Defendant Small") [Docket No. 11]. On November 8, 2016, this Court granted Plaintiff's Motion for Default Judgment against

1

Defendant Small as to liability only and, at Plaintiff's request, permitted Plaintiff an opportunity to submit additional documentation and information in support of its request for damages [Docket Nos. 8, 9]. The instant motion followed.

As the Court stated in its November 8, 2016 Opinion, "[a] default is not an admission of the amount of damages claimed." Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *7 (D.N.J. Dec. 20, 2006) (citation omitted). A court may, in its discretion, conduct a hearing to ascertain the amount of damages owed to the plaintiff. Fed. R. Civ. P. 55(b)(2). "However, the Court is not required to conduct such hearings 'as long as it ensures that there is a basis for the damages specified in the default judgment.'" Doe v. Simone, 2013 WL 3772532, at *3 (D.N.J. July 17, 2013) (quoting Trucking Employees of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009)); see also Moroccanoil, Inc. v. JMG Freight Grp. LLC, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015) (finding that plaintiff "provided adequate proof of the damages at issue here," where plaintiff provided a sworn certification and sale and shipping order).

Here, Plaintiff has provided the Court with ample documentation in support of its request for damages in the amount of $103,434.12. First, Plaintiff submits the sworn

affidavit of Megan Muth, a claim professional employed by Travelers Property Casualty Company of America, Plaintiff's property insurer.  Muth Aff. [Docket No. 11-2].  Ms. Muth performed the adjustment of the loss and calculated the amount of damage to the food product at issue to be $103,434.12.  Muth Aff. ¶¶ 4, 8.  Plaintiff also submits the Statement of Loss prepared by its insurer, reflecting a loss of $103,434.12.  Muth Aff. Ex. A [Docket No. 11-4].  Additionally, Plaintiff has provided the Court with correspondence between Plaintiff and its vendors regarding the food product damaged.  Muth Aff. Exs. C-K [Docket Nos. 11-6 to 11-14].  The Court finds this documentation to be sufficient to prove the amount of damages at issue in this case and that no hearing is necessary.

    Accordingly, for the foregoing reasons, Plaintiff's request for damages in the amount of $103,434.12 will be granted.  An appropriate Order shall issue on this date.

                                           s/Renée Marie Bumb_
                                           RENÉE MARIE BUMB
                                           UNITED STATES DISTRICT JUDGE

Dated: December 21, 2016